# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **Clifford D. Williams,** | ) | |
| | ) | |
| Appellee - Petitioner, | ) | Case No. 24-3859 |
| | ) | |
| v. | ) | |
| | ) | |
| **Betty Mitchell, Warden,** | ) | |
| | ) | |
| Appellant - Respondent. | ) | **DEATH PENALTY CASE** |

## PETITIONER'S MOTION TO DISMISS APPEAL

STEPHEN C. NEWMAN
Federal Public Defender

JOSEPH E. WILHELM
ALAN C. ROSSMAN
Assistant Federal Public Defenders

AARON SHAUM
Research and Writing Attorney
Office of the Federal Public Defender
Northern District of Ohio
Capital Habeas Unit
Skylight Office Tower
1660 West Second St., Suite 750
Cleveland, OH 44113
(216) 522-4856(o); (216) 522-1951(f)
Joseph_Wilhelm@fd.org
Alan_Rossman@fd.org
Aaron_Shaum@fd.org

*Counsel for Appellee – Petitioner*
*Clifford Williams*

1

# **INTRODUCTION**

Appellee-Petitioner Clifford D. Williams timely filed a habeas petition challenging his state court convictions and sentence of death. (Habeas Petition, R. 18, PageID # 5522.) The district court ultimately denied Williams's habeas petition and dismissed his case on April 14, 2022. (Opinion and Order Denying Petition, R. 136, PageID # 5835.) On May 12, 2022, then-habeas counsel moved the district court to alter or amend that judgment and re-open the proceedings, pursuant to Federal Rule of Civil Procedure 59(e) and 60, based on their admitted abandonment of Williams during crucial stages of his federal habeas proceedings. (Petitioner's Motion to Alter or Amend and Re-Open, R. 140, PageID # 5958.) On May 31, 2022, the district court *sua sponte* reopened the case to consider Williams's Civil Rule 59(e) and 60 motion, motion to withdraw counsel, and motion to appoint new counsel. (Order to Reopen, R. 143, PageID # 6132.) The Warden filed no notice of appeal within thirty days of that order.

Following the withdrawal of Williams's prior habeas counsel, the district court appointed Alan C. Rossman and the Federal Public Defender for the Northern District of Ohio to represent Williams for the purposes of his motion under Civil Rule 59(e) and 60. (Order Appointing Counsel, R. 144, PageID # 6135–36.) Upon the completion of briefing, the district court partially granted Williams's Motion to Alter or Amend on March 29, 2023. (Opinion and Order Granting Petitioner's

Motion, R. 152, PageID # 6194.) The district court noted that Williams's case presented "highly unusual circumstances." (*Id.* at PageID # 6213.) After reviewing the many admitted failings of Williams's prior counsel, the district court explained that,

> At best, Petitioner's case seems to have fallen through the cracks during critical stages of these proceedings, and for years at a time. At worst, Petitioner was abandoned when he believed his case was in competent hands.

(*Id.* at PageID # 6213.) The district court ruled that it would reconsider its final decision as to several of Williams's constitutional claims for relief. (*Id.* at PageID # 6214.) The court ordered additional merits briefing as to those claims. (*Id.* at PageID # 6214.) The Warden did not file a notice of appeal at that time.

Following the merits briefing of the parties, Williams filed a number of motions, including (1) a motion to supplement the record (R. 165); (2) a motion for leave to file an amended petition (R. 166); (3) a motion to stay his habeas proceedings while he exhausted constitutional claims in state court (R. 167); and (4) a conditional motion for authorization for the undersigned counsel to represent him in state court proceedings to exhaust his constitutional claims for relief (R. 174). On September 25, 2024, the court ordered the following: (1) granted William's motion to expand the record; (2) granted Williams's motion to stay his federal proceedings while he exhausted claims in state court; (3) granted William's motion for authorization for his counsel to represent him in those state court proceedings; (4)

3

and denied without prejudice Williams's motion for leave to amend his petition. (9/25/2024 Opinion and Order, R. 177, PageID # 6730–31.)

On October 3, 2024, the Warden filed a notice of appeal in the district court appealing the court's May 31, 2022, Order to Reopen Case (R. 143); March 29, 2023, Opinion and Order granting Williams's motion to alter or amend (R. 152); and the September 25, 2024, Opinion and Order granting Williams's motions (R. 177). Williams now moves this Court to dismiss the Warden's appeal.

## ARGUMENT

Williams moves the Court to dismiss the Warden's appeal because the Court lacks appellate jurisdiction. First, the Warden failed to file a timely notice of appeal within the time prescribed by rule to challenge the May 31, 2022, Order to Reopen Case (R. 143) and the March 29, 2023, Opinion and Order granting Williams's motion to alter or amend (R. 152). Second, none of the judgments or orders are final appealable orders over which the Court has appellate jurisdiction. Nor are any exceptions applicable which would attach jurisdiction to the Warden's interlocutory appeal.

**I.     The Court lacks appellate jurisdiction because the Warden failed to file a timely notice of appeal.**

The Warden cannot appeal the district court's May 31, 2022, Order to Reopen Case (R. 143) or the March 29, 2023, Opinion and Order granting Williams's motion to alter or amend (R. 152) because her notice of appeal was untimely. As a result,

4

this Court lacks jurisdiction and must dismiss the appeal of those orders.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed." Fed. R. App. P. 3(a)(1).  The notice of appeal "must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).  Where multiple motions are pending under Rule 59 and 60 of the Federal Rules of Civil Procedure, a party has thirty days from "the entry of the order disposing of the last such remaining motions." Fed. R. App. P. 4(a)(4)(A).

"[T]he filing of the notice of appeal withing the prescribed time limits is mandatory and jurisdictional." *Richland Knox Mut. Ins. Co. v. Kallen*, 376 F.2d 360, 363 (6th Cir. 1967).  Therefore "the right to appeal is lost if the notice of appeal is not timely filed with the district court." *Id.*  Further, a district court "cannot extend the time to appeal beyond thirty days after the original deadline." *In re Holley*, No. 20-2106, 2021 WL 1922835, at *1 (6th Cir. 2021) (citing Fed. R. App. P. 4(a)(5)(C)).

Here, the application of Rules 3 and 4 of the Federal Rules of Appellate Procedure are fatal to the Warden's appeal of the district court's May 31, 2022, Order to Reopen Case (R. 143) and March 29, 2023, Opinion and Order granting Williams's motion to alter or amend (R. 152).  The Warden had thirty days from

5

those orders to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). The Warden had sixty days from those orders to seek an extension to file a notice of appeal with the district court, even if she could assert excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(C). The Warden did neither. The district court's March 29, 2023, Opinion and Order granting William's motion to alter or amend disposed of Williams's motion under Civil Rule 59(e) and 60. The Warden's notice of appeal is well over two years late for the May 31, 2022, Order to Reopen Case (R. 143), and well over a year late for the March 29, 2023, Opinion and Order granting Williams's motion to alter or amend (R. 152). As a result, this Court lacks appellate jurisdiction over the Warden's appeal of those issues. *Kallen*, 376 F.2d at 363. The Warden's appeal of those orders—which is unequivocally time barred—amounts to a frivolous appeal and an abusive litigation tactic.

## II.   The Court lacks appellate jurisdiction because the district court's orders are not final appealable orders.

This Court lacks appellate jurisdiction because the orders that are the subject of the Warden's appeal are not final appealable orders. As a result, the Court must dismiss the Warden's appeal.

This Court (along with its other authority) has appellate jurisdiction over "all final decisions" of the U.S. District Court for the Southern District of Ohio. 28 U.S.C. § 1291 & 1294. As a general matter, there is no final appealable decision until there has been an order entered "terminating all of the issues presented in the

6

litigation." *Jackson v. Sloan*, No. 19-3177, 2019 WL 4267742, at *1 (6th Cir. May 02, 2019) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373–74 (1981)). That requires an order or judgment that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see, e.g.*, *Jackson*, 2019 WL 4267742, at *1.

Here, the Warden appeals the district court's order disposing of Williams's motion to supplement the record, motion for a stay of his habeas proceedings, motion for leave to amend the petition, and motion for authorization for the undersigned counsel to represent him in state court proceedings. (Warden's Notice of Appeal, R. 178, PageID # 6732.) The district court's order (R. 177) is thus not a final appealable order from which the Court has appellate jurisdiction. *Jackson*, 2019 WL 4267742, at *1.

The Warden is likely to argue that its appeals fall within the collateral-order doctrine exception such that the Court has jurisdiction over this interlocutory appeal. That is both foreclosed by precedent and dubious besides.

The collateral order doctrine is meant to extend jurisdiction only in "'narrow and selective'" instances. *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 102 (2009) (citation omitted). And when that narrow class of orders is expanded, it should be done by rulemaking authority lawfully designated by Congress upon the Supreme Court, not by judicial decision-making. *Id.* at 113–14.

7

The Court only has jurisdiction under the collateral order doctrine where the order (a) "conclusively determines the disputed question"; (b) "resolves an important question completely separate from the merits of the action"; and (c) "it cannot effectively be reviewed on appeal from final judgment." *Henry v. Detroit Manpower Dep't*, 63 F.2d 757, 761 (6th Cir. 1985). None of the orders which the Warden appeals satisfy the collateral order doctrine.

Initially, this Court has already held that motions for a stay and motions for leave to amend are not appealable orders until there is a final judgment. *Jackson*, 2019 WL 4267742, at *1; *e.g.*, *Lynch v. Johns-Manville Sales Corp.*, 701 F.2d 44, 45 (6th Cir. 1983) (per curiam) (no jurisdiction where party appealed stay order absent a final order); *Stanley v. Chappell*, 764 F.3d 990, 995 (9th Cir. 2014) (stay is not appealable absent a final order and rejecting jurisdiction under the collateral order doctrine).

Likewise, this Court—as well as the Supreme Court—have held that orders related to counsel and the scope of counsel's representation are not appealable absent a final order. *Henry*, 763 F.2d at 761–63; *see also Flanagan v. United States*, 465 U.S. 259, 270 (1984) (order disqualifying counsel was not appealable absent a final order in a criminal case); *Risjord*, 449 U.S. at 379 (same but in a civil case). A motion to expand—itself a form of evidentiary development—is analogous to discovery orders, which the courts agree are not appealable absent a final order. *In*

8

*re Flint Water Cases*, 960 F.3d 820, 829 (6th Cir. 2020) ("discovery orders generally are non-final, non-appealable orders, even under the collateral order doctrine"); *see, e.g.*, *Wainwright v. Borden*, 368 F.2d 1000 (5th Cir. 1966) (per curiam); *Scott v. Bazzle*, F. App'x. 185, 186 (4th Cir. 2007).

No aspect of the district court's order destroys the practical value of a legal right the Warden has such that it would meet prong three of the collateral order doctrine.[1] *Risjord*, 449 U.S. at 377–78. It is not enough that the district court's order granting a stay and authorizing Williams's counsel to participate in state court proceedings may require the Warden to devote time and financial resources to state-court litigation, because the Warden will still be able to present arguments to this Court that exhaustion was not required when there is a final order in the district court. *Chappell*, 764 F.3d at 994. The district court's order on the motion to amend was not "conclusive", as it denied Williams's motion without prejudice. (09/25/2024 Opinion and Order, R. 177, PageID # 6730–31.)

Furthermore, it is not enough that the underlying case is important or that the order resolves an issue in a way which substantially affects—or even governs—the merits disposition of the case; rather, it must resolve an important legal question.

---

[1] Even assuming the Warden's interest in executing Williams could qualify—and it does not—Williams has no execution date set. See Execution Schedule, Ohio Dep't of Rehab. & Corr., *available at* https://drc.ohio.gov/about/capital-punishment/execution-schedule (retrieved Oct. 4, 2024).

9

*Henry*, 763 F.2d at 763–64. All of the issues underlying the order the Warden appeals involve discretionary action taken by the court in response to the particular (and highly unusual) circumstances of Williams's case, "which rarely, if ever, represent[s] a final rejection of a claim of a fundamental right that cannot effectively be reviewed following judgment on the merits." *Risjord*, 449 U.S. at 377.

The Warden's case for the application of the collateral order exception also fails by contrast. Consider two scenarios in which an interlocutory appeal may be taken in habeas litigation. When a petitioner has been denied the right to proceed *in forma pauperis*, the petitioner may file an interlocutory appeal because that order effectively denies an indigent petitioner access to the courts. *Henry*, 763 F.2d at 762–63. When a district court grants a transport order, a state may file an interlocutory appeal because "requiring a State to take a convicted felon outside the prison's walls. . . . creates public safety risks and [places] burdens on the State that cannot be remedied after final judgment." *Shoop v. Twyford*, 596 U.S. 811, 817 n.1 (2022). Those circumstances and justifications therefore are not present here. Nor is the order here similar to other orders which satisfy the collateral order doctrine. *See Risjord*, 449 U.S. at 376–77 (orders denying bail and orders which defendants allege permit them to be subjected to forbidden double jeopardy satisfy the collateral order doctrine); *In re Flint Water Cases*, 960 F.3d at 829 (interlocutory appeals permitted of motions to dismiss and motion for summary judgment where claims of

immunity at issue).

Thus, the statute, binding precedent, and persuasive authority all support Williams's contention that the Court has no jurisdiction over the Warden's interlocutory appeal.

## CONCLUSION

For the foregoing reasons, the Court lacks appellate jurisdiction over the Warden's appeal. As a result, the Court must dismiss the Warden's appeal.

STEPHEN C. NEWMAN
Federal Public Defender

*/s/ Joseph E. Wilhelm*
JOSEPH E. WILHELM
ALAN C. ROSSMAN
Assistant Federal Public Defenders

AARON SHAUM
Research and Writing Attorney
Office of the Federal Public Defender
Capital Habeas Unit
Skylight Office Tower
1660 West Second St., Suite 750
Cleveland, OH 44113
(216) 522-4856 (o); (216) 522-1951 (f)
Joseph_Wilhelm@fd.org
Alan_Rossman@fd.org
Aaron_Shaum@fd.org

*Counsel for Appellee-Petitioner*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in accordance with Federal Rule of Appellate Procedure 32(g), that this Motion to Dismiss Appeal complies with the type-volume requirements set forth in the Sixth Circuit Rules, as this motion does not exceed 5,200 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Sixth Circuit Rule 32(b)(1).

I further certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman style, 14-point font.

*/s/ Joseph E. Wilhelm*
JOSEPH E. WILHELM
Counsel for Clifford Williams

## **CERTIFICATE OF SERVICE**

I certify that on October 4, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Joseph E. Wilhelm*
JOSEPH E. WILHELM
Counsel for Clifford Williams